UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

In Re:   Candace Nicole Benson                                               Chapter 13
                                                                              Case No. _
Debtor.

## Chapter 13 Plan

Address:        Debtor   281 Bickford Avenue #403, Memphis, TN 38107

Plan Payment:

Debtor Shall Pay:        $272.00   Every Two Weeks          By:    ( ) Direct Pay _____
   Or by: ( x ) Payroll Deduction   Smooth Living, 1263 Winchester Road, Memphis, TN 38116

1. This Plan [Rule 3015.1 Notice]:
   (A) Contains a Non-standard Provision [See provision 19].                        (X) Yes  ( ) No
   (B) Limits the Amount of a Secured Claim Based on a Valuation of the Collateral for the Claim  ( ) Yes  (X) No
       [See provisions 7 and 8].
   (C) Avoids a Security Interest or Lien. [See provision 12].                      ( ) Yes  (x) No

2. Administrative Expenses: Pay Filing Fee and Debtor Attorney's Fee Pursuant to Confirmation Order.
3. Auto Insurance:     ( ) Included in Plan     Or (x) Not Included in Plan if proof provided by Debtor
4. Domestic Support Paid By: ( ) Debtor Directly ( ) Wage Assignment   ( ) Trustee To:        Monthly Pmt.
                              ongoing payment begins   _____        _____
   _____         Approximate arrearage   _____         _____
                              ongoing payment begins   _____        _____
   _____         Approximate arrearage   _____         _____

5. Priority Claims:                                                                            Monthly Pmt.
   Tennessee Department of Correcitons (Restitution)    Amount        $4,297.38       $185.00
   _____           Amount        _____      _____

6. Home Mortgage Claims:    ( ) Paid Directly by Debtor or ( ) Paid by Trustee To:             Monthly Pmt.
                              ongoing payment begins   _____        _____
   _____         Approximate arrearage   _____   Interest   _____    _____
                              ongoing payment begins   _____        _____
   _____         Approximate arrearage   _____   Interest   _____    _____

7. Secured Claims [Retain Lien 11 U.S.C. §1325 (a)(5)]:   Collateral Value      Interest Rate    Monthly Pmnt.
   _____    _____    _____    _____
   _____    _____    _____    _____

8. Secured Automobile Claims for Debt Incurred Within 910 Days of Filing, and Other Secured Claims for Debt Incurred Within One Year of Filing [Retain Lien 11 U.S.C. §1325 (a)(5)]:

| | Collateral Value | Interest Rate | Monthly Pmnt. |
|---|---|---|---|
| | | | |
| | | | |

9. Secured Claims for Which Collateral Will Be Surrendered; Stay Is Terminated Upon Confirmation for the Limited Purpose of Gaining Possession and Commercially Reasonable Disposal of Collateral:

| | Collateral | |
|---|---|---|
| | Collateral | |

10. Special Class Unsecured Claims:

| | Collateral Value | Interest Rate | Monthly Pmnt. |
|---|---|---|---|
| Brickford Square apartments | $2,246.50 | 0.00% | $38.00 |
| Shelby County General Sessions Court | $855.00 | 0.00% | $15.00 |
| | | | |

11. Student Loan Claims and Other Long Term Claims:

  US Dept Ed                       ( ) Not Provided For    (x) General Unsecured Creditor
  _____                       ( ) Not Provided For    ( ) General Unsecured Creditor

12. The Judicial Liens or Non-possessory, Non-purchase Money Security Interests Held by the Following Creditors Are Avoided to the Extent Allowable Pursuant to 11 U.S.C. §522(f):

13. Absent a Specific Court Order Otherwise, All Timely Filed Claims, Other than Those Specifically Provided for Above, Shall Be Paid as General Unsecured Claims.

14. Estimated Total General Unsecured Claims: _____.

15. The Percentage to Be Paid to Non-priority, General Unsecured Claims Is: ( ) _____ ; Or (X) Trustee Shall Determine the Percentage to Be Paid after Passage of Final Bar Date.

16. This Plan Assumes or Rejects Executory Contracts:

  _____                       ( ) Assume    ( ) Reject
  _____                       ( ) Assume    ( ) Reject

17. Completion:    Plan shall be completed upon payment of the above, approximately  60  months.

18. Failure to Timely File a Written Objection to Confirmation Shall Be Deemed Acceptance of Plan.

19. Non-standard Provisions:

  For the purposes of provision 8, all collateral will be assumed to have exceeded the time limits set forth in the hanging paragraph following § 1325(a)(9), unless the debtor is in possession of the original contract.

  Any Non-standard Provision Stated Elsewhere Is Void.

20. Certification: This Plan Contains No Non-standard Provisions Except Those Stated in Provision 19.

  /s/ Marcelle Z. Nia          Date    April 16, 2019
  Debtor's Attorney's Signature

April 16, 2019
910 > October 18, 2016